## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALARMAX DISTRIBUTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.  2:22-cv-1597 |
| | ) | |
| vs. | ) | |
| | ) | |
| RESIDEO TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff AlarMax Distributors, Inc. ("AlarMax"), by its attorneys, Buchanan Ingersoll & Rooney PC, alleges as follows for its Complaint for Declaratory Judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.A. §2201, *et. seq*. and Federal Rule of Civil Procedure 57, against Defendant Resideo Technologies, Inc. ("Resideo"):

### INTRODUCTION

1.      AlarMax seeks a declaration that Resideo is bound by the terms of the Settlement Agreement and Release entered into between AlarMax and Honeywell International, Inc. ("Honeywell") in 2004 and reaffirmed in a 2019 Settlement Agreement between Honeywell and Resideo, and AlarMax, which prohibits Resideo from inducing or knowingly accepting more favorable net pricing and terms on an exclusive basis than those extended to AlarMax.

2.      Resideo is a former Honeywell subsidiary that was spun off in the fall of 2018.  Pre-spin off, ADI Global Distribution ("ADI") was a business segment of Honeywell.  Post-spin off, ADI is a business segment of Resideo.  Under Honeywell, and now under Resideo, ADI is engaged in the wholesale distribution of electronic fire and security products.

3.      This Honorable Court is familiar with, and has already interpreted, the 2004 Settlement Agreement and Release when adjudicating AlarMax's breach of contract and Robinson-Patman Act claims in a related action, which resulted in the 2019 Settlement Agreement between AlarMax, and Honeywell and Resideo.  *See AlarMax Distributors, Inc. v. Honeywell International*, Case No. 2:14-cv-01527 (W.D. Pa.).  That action alleged violations of the 2004 Settlement Agreement and Release and the Robinson-Patman Act as a result of Honeywell/ADI inducing or knowingly accepting unfair and anticompetitive net pricing and terms from vendors of electronic fire and security products on an exclusive basis.

4.      In resolving that related action, AlarMax, and Honeywell and Resideo entered into a 2019 Settlement Agreement.  The 2019 Settlement Agreement's terms made three things clear: (1) the 2004 Settlement Agreement and Release remains in effect; (2) nothing in the 2019 Settlement Agreement modified the 2004 Settlement Agreement and Release; and (3) AlarMax and Resideo disagree as to whether and to what extent the 2004 Settlement Agreement and Release applies to Resideo.

5.      In the 2019 Settlement Agreement, AlarMax, Honeywell and Resideo agreed to a three-year covenant not to sue and tolling agreement.  During the three-year period, no party could sue the other for any violations of the 2004 Settlement Agreement and Release.  The parties confirmed, however, that the during the tolling period, all claims were preserved.

6.      Resideo/ADI has operated and continues to operate in a manner that violates the 2004 Settlement Agreement and Release by inducing or knowingly accepting more favorable net pricing and terms on an exclusive basis than those extended to AlarMax.  The legal dispute between AlarMax and Resideo/ADI regarding the applicability of the 2004 Settlement Agreement and Release to Resideo/ADI is ripe for judicial determination.

7.     Accordingly, AlarMax seeks a declaration that Resideo/ADI, as a former Honeywell subsidiary, successor to Honeywell/ADI, and mere continuation of the ADI business, is bound by the 2004 Settlement Agreement and Release that preserves fair competition between Resideo/ADI and AlarMax, and competition as a whole, with respect to electronic fire and security products sold in North America.

## THE PARTIES

8.     Plaintiff AlarMax is a Pennsylvania corporation with its principal office located at 381 Mansfield Avenue, Suite 205, Pittsburgh, PA 15220.

9.     AlarMax is a wholesale distributor of electronic fire and security products for residential and commercial settings, including fire alarms, burglar alarms, closed circuit television (CCTV), access control, intercoms and structured cabling, and peripheral, closely related products, and has been since 1990, both for new installation and for the maintenance, repair and enhancement of installed systems.

10.     Defendant Resideo is a Delaware corporation with its principal office located at 16100 N 71st St Suite 550, Scottsdale, AZ 85254.

11.     By virtue of a 40-year trademark license agreement with Honeywell, Resideo is authorized to advertise, sell and distribute certain Honeywell electronic fire and security products.

12.     Like AlarMax, Resideo/ADI is also a wholesale distributor of electronic fire and security products for residential and commercial settings.

13.     Resideo/ADI competes with AlarMax.

## JURISDICTION AND VENUE

14.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) because there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     The Court has personal jurisdiction over Resideo/ADI because it consented to personal jurisdiction and venue under the 2019 Settlement Agreement in the event of breach; Resideo/ADI agreed that the 2019 Settlement Agreement did not modify the 2004 Settlement Agreement and Release; and under the 2004 Settlement Agreement and Release, to which Resideo/ADI is bound, the Western District of Pennsylvania is the exclusive forum.

16.     Personal jurisdiction also exists over Resideo/ADI because it has sufficient minimum contacts with this forum as it distributes electronic fire and security products to customers in Pennsylvania and this judicial district; sells Honeywell electronic fire and security products to AlarMax in this judicial district; and operates a minimum of three (3) ADI branch offices in Pennsylvania, including one in this judicial district – all of which compete against AlarMax.

17.     Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit and the injury to AlarMax have occurred in the Western District of Pennsylvania.  Additionally, as stated above, Resideo/ADI has consented to venue in the Western District of Pennsylvania under the 2019 Settlement Agreement and the 2004 Settlement Agreement and Release.

## FACTUAL BACKGROUND

18.     Honeywell is a diversified technology Fortune 100 company.

19.     When ADI was a business segment within Honeywell, Honeywell/ADI distributed electronic fire and security products and boasted that it was the largest wholesale distributor of electronic fire and security products in the world, with over 100 locations throughout North America and over 180 locations worldwide.

20.     Since the spin-off, Resideo has continued to maintain ADI as a business segment just as Honeywell has done pre-spin off.

21.     Today, Resideo/ADI contends that it is the leading global wholesale distributor of electronic fire and security products, with more than 25 years in the business, and with more than 200 offices in 17 countries worldwide.

22.     Resideo/ADI competes directly with AlarMax, as both entities are wholesale distributors of electronic fire and security products, selling these products to the same resellers and end users in North America.

23.     Resideo/ADI is violating the terms of the 2004 Settlement Agreement and Release by inducing or knowingly accepting more favorable net pricing and terms on an exclusive basis from vendors of electronic fire and security products than are extended to AlarMax, which was the same issue that was litigated and ultimately resolved in the 2019 Settlement Agreement.

24.     AlarMax is losing sales and profits as a result of Resideo/ADI's conduct because Resideo/ADI is receiving more favorable net pricing and terms on an exclusive basis, resulting in AlarMax being unlawfully disadvantaged on price.

## The 2004 Dispute and Agreements

25.     Based on its actions in 2003 and 2004, AlarMax had evidence that Honeywell, through ADI, intended to eliminate AlarMax's access to the entire range of Honeywell electronic fire and security products; eliminate access to electronic fire and security products from non-

Honeywell vendors; and cause non-Honeywell vendors to sell to AlarMax only at discriminatorily unfavorable prices and terms as compared to ADI.

26.     As a result, AlarMax sent Honeywell a letter and draft complaint, which alleged that Honeywell had violated and was continuing to violate certain laws of the United States of America and had engaged and was continuing to engage in other unlawful conduct in violation of the laws of the Commonwealth of Pennsylvania.

27.     Prior to AlarMax filing its complaint, AlarMax and Honeywell settled their dispute and executed a Settlement Agreement and Release, which attached a Supply Agreement separately executed, both dated September 20, 2004 (collectively, the "2004 Agreement").  Because the 2004 Agreement is confidential, it is not currently attached hereto, but it is in the possession of Resideo.[1]

28.     The 2004 Agreement mandated Honeywell/ADI's, including "its directors, officers, agents, affiliates, predecessors, parent companies, subsidiaries, successors, and assigns": (1) obligation to supply AlarMax with electronic fire and security products that Honeywell (or its affiliates) manufactures and sells through distribution; (2) obligation to ensure that its sales of electronic fire and security products to AlarMax will not commercially disadvantage AlarMax as compared to other distributors (including ADI); and (3), most importantly, obligation not to use its market power, through ADI, to obtain exclusive lower pricing and better promotions from third-party vendors or manufacturers of electronic fire and security products.

29.     Section 5 of the 2004 Agreement, in relevant part, focuses on the price and payment terms that Honeywell/ADI receives from third-party vendors of electronic fire and security products.

---

[1]     The 2004 Agreement permits disclosure "to the extent necessary to enforce in a legal…proceeding the terms" of this agreement.  *See* 2004 Agreement, Sec. 1(a).

30.     Specifically, as quoted by this Court in the related action:

- In Section 5(b), Honeywell agrees to "not induce or knowingly accept more favorable price or payment terms, as compared to AlarMax, from non-Honeywell manufacturers" and to not "knowingly induce non-Honeywell manufacturers, or sellers, of Electronic Fire and Security Products to provide more favorable prices to Honeywell for Electronic Fire and Security Products" with the understanding "that such prices will be provided exclusively to Honeywell or with the understanding that Honeywell will receive a lower price than AlarMax receives" from that vendor or manufacturer.

- In Sections 5(c) and 5(d), Honeywell agrees that it "shall not enter into exclusive sale or distribution agreements, or otherwise suggest, encourage or coerce exclusive dealings, with non-Honeywell manufacturers" except in very limited joint development circumstances not applicable here and, in Section 5(d), that it "shall not facilitate, encourage or coerce non-Honeywell manufacturers [of Electronic Fire and Security Products sold in North America] to boycott AlarMax."

*See AlarMax Distributors, Inc. v. Honeywell International*, Case No. 2:14-cv-01527, Report and Recommendation, ECF 311, at 4-5 (W.D. Pa. June 21, 2019).

31.     The 2004 Agreement is governed by Pennsylvania law, remains in effect and was affirmed in the 2019 Settlement Agreement.

### The 2019 Settlement Agreement with Honeywell and Resideo

32.     On November 6, 2014, AlarMax filed suit against Honeywell in the United States District Court for the Western District of Pennsylvania at Case No. 2:14-cv-01527-DSC-MPK, which resulted in the 2019 Settlement Agreement.

33.     In that litigation, AlarMax alleged that Honeywell, including through ADI, breached the 2004 Agreement and violated the Robinson-Patman Act.

34.     Specifically, Honeywell/ADI was inducing or knowingly accepting net pricing from non-Honeywell vendors of electronic fire and security products on an exclusive basis lower than that extended to AlarMax.

35.     The 2011 ADI Vendor Agreement ("ADI Vendor Agreement"), which was used by Honeywell, stated that any vendor selling its electronic fire and security products to ADI "shall

provide sufficient quantities of Products to ADI at its lowest price (<u>including incentives, rebates and other offers</u>)" and then insists that all vendors must provide an <u>additional rebate</u> "equal to five percent (5%) of ADI's monthly purchases of Products. . . ."  *See AlarMax Distributors, Inc. v. Honeywell International,* Case No. 2:14-cv-01527, Report and Recommendation, ECF 28, at 13-14 (W.D. Pa. June 21, 2019).

36.     In ruling on Honeywell's motion to dismiss, this Honorable Court determined that "Honeywell's use of [the ADI Vendor Agreement] would therefore constitute a breach of Section 5(b) of the [2004 Agreement] by inducing more favorable price terms from non-Honeywell vendors as compared to AlarMax (and likely every other resellers of said vendor's products)." *AlarMax v. Honeywell*, Case No. 2:14-cv-01527, Report and Recommendation, ECF 28, at 13-16 (W.D. Pa. May 4, 2015) *adopted* Memorandum Order, ECF 34 (May 9, 2015).  This holding became the law of the case and was reiterated by this Court in denying Honeywell's motion for summary judgment on AlarMax's breach of contract claims, particularly as to Section 5(b) of the 2004 Agreement.  *See id*., ECF 311, at 7-9 (W.D. Pa. June 21, 2019) *adopted* Order, ECF 319 (July 26, 2019).

37.     This Honorable Court also found that Honeywell's use of the ADI Vendor Agreement precluded Honeywell's motion to dismiss AlarMax's Robinson-Patman claim.  The Court stated:

> AlarMax has alleged repeatedly that Honeywell has "knowingly induced discriminatory prices." (ECF No. 1, at ¶¶ 80, 82, 83, 86, 87, 88, 89). Its strongest support for this assertion once again comes from the 2011 ADI Vendor Agreement. By entering into this agreement with a given vendor, Honeywell would be assured of better pricing from that vendor to the detriment of its competitors, including AlarMax.  There is also no indication that vendors could benefit from any of the applicable defenses to offering such illegal pricing to Honeywell.  Therefore, it is reasonable to infer that, by employing the 2011 ADI Vendor Agreement, Honeywell induced, and then

> received pricing it knew was illegally discriminatory to AlarMax, among others.

ECF 28, at 26-27; *see also* ECF 311, at 18-19 (holding on summary judgment that Honeywell's defense of functional availability failed because under Honeywell's ADI Vendor Agreement, "ADI is entitled to an exclusive discount from vendors" that is not available to AlarMax or others; and that this holding was the law of the case).

38.     Following the Court's ruling on summary judgment, the Court ordered mediation, and as a result, Honeywell and Resideo, and AlarMax entered into a Settlement Agreement, effective November 13, 2019.  Because the 2019 Settlement Agreement is confidential, it is not currently attached hereto, but it is in the possession of Resideo.[2]

39.     Section 3 of the 2019 Settlement Agreement specifically addresses the 2004 Agreement:

> **The 2004 Settlement Agreement and the 2004 Supply Agreement.**  Honeywell and AlarMax agree that the 2004 Settlement Agreement and the 2004 Supply Agreement remain in place with their terms continuing.  Resideo and AlarMax disagree as to whether and to what extent the 2004 Agreements apply to Resideo, and Resideo and AlarMax each reserve, without waiving, their respective rights regarding the applicability of the 2004 Agreements to Resideo.  Nothing in this Agreement modifies the terms of the 2004 Agreements.

40.     As evidenced by the 2019 Settlement Agreement, Resideo/ADI knew about the 2004 Agreement's terms.

---

[2]     The 2019 Settlement Agreement provides that the terms of the agreement may be disclosed "to the extent necessary to enforce the terms of this Agreement in a legal…proceeding."  2019 Settlement Agreement, Section (2)(a).

**Honeywell Transfers the ADI Assets Into A Wholly-Owned Subsidiary and Later Spins Off That ADI Subsidiary to Become Resideo**

41.     While the related litigation was pending, and before it was settled in 2019, Honeywell announced on October 10, 2017, that it was going "to spin [off] our homes and ADI global distribution business."

42.     Honeywell incorporated a subsidiary for the spin-off transaction, referred to as "SpinCo" in the relevant documents, and later named it Resideo.

43.     Prior to the spin-off, Resideo was a wholly-owned subsidiary of Honeywell.

44.     One of Honeywell's transactions in preparation for the spin-off was a Separation and Distribution Agreement between Honeywell and Resideo (the "Spin-off Agreement").

45.     Pursuant to the Spin-Off Agreement, Honeywell transferred assets and liabilities to Resideo, including the ADI assets/operations.

46.     The assets transferred to Resideo from Honeywell included all those necessary for the continuation of the ADI business.

47.     After Honeywell transferred the ADI assets and liabilities to Resideo, Honeywell distributed the stock of Resideo to Honeywell's stockholders on a *pro rata basis*.

48.     On October 29, 2018, Honeywell completed its spin-off of Resideo.

49.     Resideo includes ADI, Honeywell's former business segment.

50.     Resideo/ADI holds itself out to the public and does business as ADI.

51.     Resideo/ADI trades on the goodwill of ADI developed while ADI was part of Honeywell.

52.     Resideo/ADI, as a wholesale distributor of electronic fire and security products, operates almost exactly as ADI did under Honeywell's ownership.

10

53.     Resideo/ADI maintains ADI's principal office in Melville, New York and branch locations as ADI had under Honeywell's ownership.

54.     The majority of ADI employees from when ADI was part of Honeywell are now Resideo/ADI employees.

55.     The majority of ADI management from when ADI was part of Honeywell are now Resideo/ADI management, *e.g.,* ADI's President, Vice President of Marketing and Vice President of Strategy.

56.     Resideo/ADI's stockholders are the same as the former Honeywell's stockholders, given Honeywell's *pro rata* distribution of Resideo's stock to its stockholders.

57.     Resideo/ADI continues to compete with AlarMax with respect to electronic fire and security products sold in North America.

58.     Despite the Court's prior rulings about the ADI Vendor Agreement in the related case, Resideo/ADI is using the same form of ADI Vendor Agreement to induce or knowingly accept net pricing and terms from various vendors on an exclusive basis that are more favorable than the net pricing and terms extended to AlarMax.

59.     Resideo/ADI's use takes two forms.  First, as to those vendors that had executed the ADI Vendor Agreement pre-spin off, Resideo/ADI did not amend the ADI Vendor Agreement to replace Honeywell/ADI with Resideo.  Stated differently, Resideo/ADI has continued to operate with the Honeywell/ADI vendors on the same, discriminatory commercial terms under the same Honeywell/ADI Vendor Agreement.

60.     Second, Resideo/ADI has continued to use the same ADI Vendor Agreement with new vendors post-spin off to continue to induce or knowingly accept net pricing and terms from

vendors on an exclusive basis that are more favorable than the net pricing and terms extended to AlarMax.

61.     Resideo/ADI is violating AlarMax's rights under the 2004 Agreement.

62.     AlarMax has been unable to seek legal redress due to the three (3) year covenant not to sue and tolling period contained in the 2019 Settlement Agreement.

63.     AlarMax stands to lose millions if the 2004 Agreement is not enforced against Resideo/ADI now that the covenant not to sue and tolling period has expired.

**The Current Case and Controversy**

64.     AlarMax and Resideo/ADI disagree as to whether the 2004 Agreement applies to Resideo/ADI, and they stated that disagreement in their 2019 Settlement Agreement.

65.     Now, with the covenant not to sue/tolling period in the 2019 Settlement Agreement ended, AlarMax seeks to enforce its rights under the 2004 Agreement, which continues to be in full force and effect under the 2019 Settlement Agreement, to ensure that it can operate on a level playing field and receive competitive pricing from vendors of electronic fire and security products.

66.     Resideo/ADI has violated and continues to violate the 2004 Agreement by inducing or knowingly accepting more favorable price or payment terms as compared to AlarMax from vendors of electronic fire and security products on an exclusive basis or with the understanding that Resideo will receive a lower net price than AlarMax receives.

67.     AlarMax contends that the 2004 Agreement binds Resideo/ADI based on three separate bases:   as a subsidiary encompassed in the definition of Honeywell in the 2004 Agreement; as successor in interest as set forth in the 2004 Agreement; and as a mere continuation of ADI with successor liability.

68.     Resideo/ADI maintains that, despite the language of the 2004 Agreement, it is not bound by the 2004 Agreement.

## COUNT I

### DECLARATORY JUDGMENT: 28 U.S.C. § 2201

69.     AlarMax incorporates herein by reference the allegations in Paragraphs 1 – 68 above, as if set forth at length.

70.     An actual controversy exists between AlarMax and Resideo/ADI concerning whether Resideo/ADI is bound by the 2004 Agreement.

71.     The conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, with a definite and concrete dispute, and not one which is hypothetical or abstract.

72.     AlarMax submits that Resideo/ADI is bound by the 2004 Agreement and that, as such, it cannot violate the terms of the 2004 Agreement as it has done and continues to do.

73.     Resideo/ADI disagrees that it is bound by the 2004 Agreement.

74.     There is a bona fide, actual, present, and practical need for this declaration.  The harm to AlarMax as a direct result of the actions of Resideo/ADI is sufficiently real to warrant the issuance of a conclusive declaratory judgment.

75.     This Honorable Court has the power under the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under the 2004 Agreement.

76.     A declaratory judgment will resolve that the 2004 Agreement is binding on Resideo/ADI.

### RELIEF REQUESTED

WHEREFORE, Plaintiff AlarMax Distributors, Inc. seeks the following relief:

1.      Declaratory judgment, pursuant to 28 U.S.C. § 2201, *et seq.*, declaring that Resideo Technologies, Inc. is bound by the terms of the 2004 Settlement and Release Agreement, including the 2004 Supply Agreement, entered into between AlarMax Distributors, Inc., and Honeywell, International, Inc.

2.      Such other and further relief as the Honorable Court deems just and proper.

Dated:  November 14, 2022            BUCHANAN INGERSOLL & ROONEY PC

By:  s/ Wendelynne J. Newton

Wendelynne J. Newton
wendelynne.newton@bipc.com
(Pa. I.D. No. 35163)
Gretchen L. Jankowski
gretchen.jankowski@bipc.com
(Pa. I.D. No. 74540)
Sydney Rochelle Normil
sydney.normil@bipc.com
(Pa. I.D. No. 320989)

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA  15219-443
Tel:  (412) 562-8800
Fax:  (412) 562-1041