IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALARMAX DISTRIBUTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:22-1597 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| RESIDEO TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court are cross motions for summary judgment (Docs. 53, 56). For the reasons that follow, both motions are denied.

In this case, AlarMax Distributors, Inc. ("AlarMax") seeks a summary declaratory judgment that Resideo Technologies, Inc. ("Resideo") is bound by a 2004 Settlement Agreement and Release ("2004 Agreement") executed between AlarMax and Honeywell International, Inc. ("Honeywell"), and reaffirmed in a 2019 Settlement Agreement between Honeywell, Resideo and AlarMax, which AlarMax asserts prohibits Resideo from inducing or knowingly accepting more favorable net pricing and terms on an exclusive basis than those extended to AlarMax (Doc. 56). AlarMax advances three theories under which Resideo could be bound: (1) that Resideo/ADI is the successor-in-interest to Honeywell/ADI under the 2004 Agreement; (2) that Resideo/ADI is encompassed within the definition of Honeywell in the 2004 Agreement as Honeywell/ADFs wholly-owned subsidiary at the time of the spin-off; and (3) Resideo/ADI is the mere continuation of ADI with successor liability. *See* Doc. 57 at 5-6. Resideo has filed a cross motion for summary judgment disputing AlarMax's theories and arguing the lack of a justiciable controversy (Doc. 52).

As is evident from the voluminous cross-statements of material facts, however, numerous material facts are disputed, not least of which is Resideo's status (or not) as a successor-in-interest to Honeywell/ADI.  As Resideo describes in its pending motion for oral argument on the pending summary judgment motions:

> The scope of the parties' dispute is further reflected in the volume of factual averments and legal briefings which the parties have now submitted to the Court. With respect to their factual averments accompanying their respective motions, AlarMax has averred 109 facts; Resideo has averred 120 facts in its original Statement of Material Facts, and an additional 6 in its Responsive Concise Statement. The majority of these alleged facts are disputed by the parties, either in whole or in part.

Doc. 80 ¶ 6.

Consistent with the foregoing, AlarMax's Motion for Summary Judgment (Doc. 56), and Resideo's Motion for Summary Judgment (Doc. 53) are **DENIED.**  The Court will issue a separate Order forthwith regarding next steps.

IT IS SO ORDERED.


September 30, 2024                                s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge


cc (via ECF email notification):

All Counsel of Record